UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JANE DOE,                                                   :
                                        Plaintiff,          :
                                                            :          15 Civ. 8992 (LGS)
                    -against-                                :
                                                            :          MEMORANDUM
QUEST DIAGNOSTICS, INC., *et al*.,                          :          OPINION AND ORDER
                                        Defendants.         :
                                                            :
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2016
```

LORNA G. SCHOFIELD, District Judge:

        Jane Doe brings this putative class action lawsuit against Quest Diagnostics Inc.

("Quest"), Counseling Services of New York, LLC ("CSNY"), and Dr. Ferdinand B. Banez for

negligence, fraud, and deceptive business practices arising from the alleged improper

transmission of medical information.  Quest moves to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6).  Plaintiff seeks voluntary dismissal pursuant to Federal Rule of

Civil Procedure 41(a)(2).  For the reasons below, Plaintiff's complaint is dismissed without

prejudice.  Quest's motion to dismiss is denied as moot.

## I.    BACKGROUND

        Plaintiff initiated this action by filing a putative class action complaint on November 16,

2015 (the "Complaint").  In the Complaint, Plaintiff alleges that Defendant Quest has a very

similar facsimile number to a marketing company called APS.  Plaintiff alleges that APS received

thousands of medical forms intended for Quest by facsimile and that Quest was aware that

medical information intended for Quest was being misdirected to APS.  The Health Insurance

Portability and Accountability Act ("HIPAA") Privacy Rule requires compliance with certain

standards regarding electronic health information.  Plaintiff alleges that Quest violated HIPAA,

along with other federal and state privacy laws, by failing to take steps to prevent the release of

personal protected medical data to APS.  She alleges that Defendants CSNY and Dr. Banez failed in their duty to ensure that her medical information was being properly submitted.

On February 9, 2016, CSNY and Dr. Banez filed an answer to the Complaint but did not assert any counterclaims and Quest filed a motion to dismiss in lieu of an answer.  Plaintiff filed her opposition to the motion on March 22, 2016.  Quest filed its reply on April 1, 2016.

On March 31, 2016, Plaintiff filed a letter requesting a pre-motion conference on her anticipated motion for voluntary dismissal without prejudice.  Defendants filed opposition letters on April 11, 2016, requesting that the Court deny Plaintiff's request or, in the alternative, award fees.  On April 19, 2016, the Court held a conference during which Plaintiff explained that she sought voluntary dismissal to avoid a situation where Article III standing were found lacking with respect to Quest, requiring her to litigate against Quest in state court, while litigating against CSNY and Dr. Banez in federal court.  On April 21, 2016, Plaintiff filed a letter stating that, in lieu of filing a Rule 41(a)(2) voluntary dismissal motion, and without waiving any rights or conceding Quest's arguments concerning her lack of Article III standing, she agreed to withdraw her opposition to the portions of Quest's motion to dismiss under Rule 12(b)(1), "subject to the Court also declining to retain supplemental jurisdiction over [her] remaining claims against CSNY and Banez."  On April 21, 2016, Quest replied by letter and requested that any order and judgment granting Quest's motion to dismiss state that Plaintiff had not established injury-in-fact and that any asserted injury is not fairly traceable to Quest's conduct.  Quest also opposed the granting of a voluntary dismissal and, in the event that the Court were to allow Plaintiff to voluntarily dismiss her claims, requested its costs and attorneys' fees.

## II.  STANDARD

Rule 41(a), Fed. R. Civ. P., governs a plaintiff's voluntary dismissal of her complaint.
Rule 41(a)(1), which does not require court approval, is inapplicable here because two
Defendants have answered, and Defendants do not stipulate to dismissal.  Rule 41(a)(2) allows
for voluntary dismissal, but "only by court order, on terms that the court considers proper."

Voluntary dismissal without prejudice is "not a matter of right."  *Zagano v. Fordham
Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).  In the Second Circuit, "[t]wo lines of authority have
developed with respect to the circumstances under which a dismissal without prejudice might be
improper."  *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436
F.3d 120, 123 (2d Cir. 2006)).  The first "indicates that such a dismissal would be improper if the
defendant would suffer some plain legal prejudice other than the mere prospect of a second
lawsuit."  *Id.* (quoting *Camilli*, 436 F.3d at 123).

The second line of authority directs courts to examine a set of factors known as the
*Zagano* factors:  "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness
on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's
efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the
adequacy of the plaintiff's explanation for the need to dismiss."  *Id.* (quoting *Zagano*, 900 F.2d at
14).

## III.  DISCUSSION

Consideration of the *Zagano* factors weighs in favor of dismissal without prejudice.
Beginning with the first and fifth factors, Plaintiff has explained that she seeks voluntary
dismissal to avoid a situation "where Article III standing was found to be lacking as to Quest,
leaving [Plaintiff] to litigate claims in this Court against the non-moving defendants [CSNY and

Banez] . . . and separately litigating related claims against Quest in state court." This is an adequate and reasonable explanation for the need to dismiss, and in that regard, the motion is not vexatious.

Second, Plaintiff filed her dismissal motion on March 31, 2016, 48 days after Defendant Quest filed its motion to dismiss, the time at which she would have first realized that she could be forced to litigate in two separate courts. Plaintiff filed her motion before Quest's motion was fully briefed. Under the circumstances, Plaintiff did not lack diligence nor was her conduct vexatious in filing when she did.

Defendants' argument to the contrary is unpersuasive. Citing *Pacific Elec. Wire & Cable Co. v. Set Top Int'l, Inc.*, Defendants argue that Plaintiff's conduct was vexatious in filing a response to the Quest motion to dismiss or seeking to proceed under a pseudonym, thereby representing that she would continue to proceed in the action. No. 03 Civ. 9623, 2005 WL 578916, at *4 (S.D.N.Y. Mar. 11, 2005). *Pacific Elec. Wire & Cable Co.* is factually distinguishable. In that case, litigation had proceeded for several years, plaintiffs had settled with some defendants, abruptly cancelled six depositions in Taiwan just before they were to take place, and the parties were less than two weeks from completing discovery. *Id.* at *3-*4. Here, Plaintiff has provided a reasonable explanation for both the rationale and timing of her motion. The record does not suggest "ill motive" or that the case "was brought to harass the defendant." *Am. Fed'n of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12 Civ. 2237, 2013 WL 2391713, at *3 (S.D.N.Y. June 3, 2013); *see Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 WL 3456521, at *5 (S.D.N.Y. Nov. 30, 2006) ("Courts find ill-motive where, for example, the plaintiff never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed, thereby

4

seeking the advantage of filing its charges without having to support them; or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal.") (internal quotation marks and citations omitted)).

Third, the suit is in its early stages and no discovery has taken place.  Although Defendants have incurred some expenses in responding to the Complaint, these costs are not so great as to warrant a denial of Plaintiff's motion.  The Supreme Court "recognized long ago that starting a litigation all over again does not constitute legal prejudice."  *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936))

Likewise, permitting Plaintiff to dismiss the case without prejudice to filing her claims in another forum would not cause Quest substantial prejudice as contemplated by Rule 41(a)(2). Defendants have not shown that dismissal would cause prejudice or even harm, other than having to start litigation again and rendering Quest's motion to dismiss moot.  Nevertheless, Defendants have incurred costs and face the likely prospect of this action being refiled in state court and may file a motion for fees and expenses.  They may therefore make a motion for fees and expenses, mindful that no bad faith has been shown and that the American justice system generally does apply a "loser pays" or fee shifting rule.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss without prejudice pursuant to Rule 41(a)(2) is GRANTED.

Defendants shall file any motion for attorneys' fees and costs, supported by a memorandum, declaration or affidavit, and exhibits (including detailed time entries, time keepers

by name and seniority, hourly rate, etc.) as appropriate and in accordance with the Court's

individual rules by July 13, 2016.  Plaintiffs shall file any opposition by July 27, 2016.

      The Clerk of Court is respectfully requested to close the motion at Docket No. 33.

SO ORDERED.

Dated: June 29, 2016
      New York, New York

                    LORNA G. SCHOFIELD
                UNITED STATES DISTRICT JUDGE