```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   JANE DOE,                                                :
                                        Plaintiff,          :
                                                            :        15 Civ. 8992 (LGS)
                    -against-                               :
                                                            :        MEMORANDUM
   QUEST DIAGNOSTICS, INC., et al.,                         :        OPINION AND ORDER
                                        Defendants.         :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/2016

LORNA G. SCHOFIELD, District Judge:

Defendants Quest Diagnostics Inc. ("Quest"), Counseling Services of New York, LLC ("CSNY"), and Dr. Ferdinand B. Banez ("Banez") move for attorneys' fees and costs pursuant to the Court's June 2016 Opinion and Order granting Plaintiff's motion to dismiss without prejudice under Rule 41(a)(2), Fed. R. Civ. P. For the reasons below, Defendants' motions are granted in part.

## I. BACKGROUND

Familiarity with the facts and procedural background of this case are assumed. In summary, Plaintiff Jane Doe filed a putative class action asserting exclusively state law claims against Quest, CSNY and Banez, alleging that Defendant Quest has a very similar facsimile number to a non-party marketing company called APS; that APS received by facsimile thousands of medical forms intended for Quest; and that Quest violated HIPAA and other federal and state privacy laws by failing to take steps to prevent the release of personal medical data to APS. The Complaint also alleges that Defendants CSNY and Banez failed in their duty to ensure Plaintiff's medical information was being properly submitted. Federal jurisdiction is allegedly based on the Class Action Fairness Act and the alleged diversity between at least some class members and Defendants.

The parties prepared for and attended a Rule 16 scheduling conference. They also litigated the issue of whether Plaintiff could proceed anonymously in this action. CSNY and Banez answered the Complaint. Quest instead filed a motion to dismiss under Rule 12(b)(1) for lack of Article III standing under federal law and, alternatively, under Rule 12(b)(6) for failure to state a claim under state law. Plaintiff filed her opposition and Quest filed its reply.

After filing her opposition to the motion, Plaintiff requested a pre-motion conference for an anticipated motion to dismiss the case voluntarily and without prejudice. Defendants opposed, asking that the Court deny Plaintiff's request or award fees. Plaintiff explained at a later court conference that she sought voluntary dismissal to refile the action in state court and avoid a situation where Article III standing was found lacking with respect to Quest, requiring her to litigate against Quest in state court, while continuing to litigate against CSNY and Banez in federal court. By Opinion and Order filed June 29, 2016, Plaintiff's request for voluntary dismissal of her complaint without prejudice was granted pursuant to Rule 41(a)(2), and Defendants were invited to file motions for attorneys' fees and costs. The opinion stated, "Defendants have not shown that dismissal would cause prejudice or even harm, other than having to start litigation again and rendering Quest's motion to dismiss moot. Nevertheless, Defendants have incurred costs and face the likely prospect of their action being refiled in state court and may file a motion for fees and expenses."

CSNY and Banez filed a motion requesting $7,868.50 representing all of their fees and costs in this matter. Quest requests fees of $76,009.63 for four categories of legal work: (1) preparing the portion of the motion to dismiss for lack of Article III standing, (2) opposing Plaintiff's motion for voluntary dismissal, (3) opposing Plaintiff's motion to proceed under a pseudonym, and (4) efforts related to the initial conference.

**II.   APPLICABLE LAW**

Dismissals and any conditions imposed pursuant to Rule 41(a)(2) are left to a district court's "sound discretion."  *Cantanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001).  Generally, "under the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees."  *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).  Rule 41(a)(2), Fed. R. Civ. P., which provides for voluntary dismissal upon a court order "on terms that the court considers proper," is sometimes invoked as an exception, permitting courts to condition dismissal of a suit without prejudice upon the payment of attorneys' fees.  *See Gravatt v. Columbia Univ.*, 845 F.2d 54, 55 (2d Cir. 1988) ("That [Rule 41(a)(2)] authority is frequently exercised to require a plaintiff to pay a defendant the expenses incurred in defending against the suit, once the plaintiff has elected to terminate the suit in favor of litigation elsewhere.").  However, a fee award is far from automatic, and the courts of this Circuit appear split on whether an award of fees requires a showing of bad faith and vexatious conduct.  *Hinfin Realty Corp. v. Pittston Co.*, No. 00 Civ. 4285, 2014 WL 1653209, at *1 (E.D.N.Y. Apr. 23, 2014).  *Compare Brown v. Brooklyn Indus. LLC*, No. 13 Civ. 3695, 2015 WL 1726489, at *3 (S.D.N.Y. Apr. 15, 2015) ("Courts . . . 'have refused to award fees and costs following a Rule 41(a)(2) dismissal absent circumstances evincing bad faith or vexatiousness on the part of plaintiff'" (quoting *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000)), *Ogden Power Dev.-Cayman, Inc. v. PMR Co.*, No. 14 Civ. 8169, 2015 WL 2414581, at *9-10 (declining to award fees absent a showing of bad faith or vexatiousness), *and Gap Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (court should impose attorneys' fees and costs only "when justice so demands), *with Mercer Tool Corp. v. Friedr. Dick GmbH*, 179 F.R.D. 391, 395-96 (E.D.N.Y.

3

1998) (awarding fees following voluntary dismissal without prejudice), *and Baldanzi v. WFC Holdings Corp.*, No. 07 Civ. 9551, 2010 WL 125999, at *5 (S.D.N.Y. Jan. 13, 2010) (conditioning dismissal without prejudice upon Plaintiff's compensation of some of Defendant's fees and costs).

The Second Circuit, addressing the policy concerns underlying this rule, explained that "[t]he purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito*, 764 F.2d at 133. In contrast, when an action is dismissed *with prejudice*, fees "have almost never been awarded." *Id.* at 134. The *Colombrito* court explained:

> The reason . . . is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

*Id.* The imposition of terms and conditions generally serves to protect defendants. 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.40 (3d ed.); 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2366 (3d ed. 2016). However, an award of fees remains firmly within a court's discretion. *Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 176 (E.D.N.Y. 1997). An award of fees "must be limited to compensation for work that cannot be used in a second contemplated action, and the amount of fees must be supported by evidence in the record." *Mercer Tool Corp.*, 179 F.R.D. at 396 (quoting *Ames v. Clifford*, No. 94 Civ. 6712, 1996 WL 563098, at *1 (S.D.N.Y. Oct 2, 1996)).

### III. DISCUSSION

#### A. Attorneys' Fees

Quest's motion for fees and CSNY and Banez's motion for fees are granted in part. Plaintiff has made clear her intention to refile this lawsuit in state court. A new state court action will impose additional costs on Defendants, and at least some work undertaken in this action is irrelevant in a subsequent state action. At the same time, Plaintiff has not exhibited bad faith or vexatiousness. This action is in its early stages and no discovery has taken place, meaning that the work thus far is not extensive, but is less likely to be useful on the merits of a later but similar litigation in another forum.

In light of these circumstances and in the Court's discretion, Plaintiff's withdrawal of her action without prejudice is conditioned upon her payment of half of Defendant Quest's attorneys' fees associated with bringing the Rule 12(b)(1) motion for lack of standing and all of Defendants' fees associated with opposing Plaintiff's motion for voluntary dismissal. If Plaintiff withdraws her action with prejudice, she is not required to pay any of defendants' fees or costs.

Half the costs of defendant's motion to dismiss for lack of standing are awarded because, although Article III standing is a uniquely federal issue, the analysis implicates issues of causation and damages, which will continue to be relevant in state court. Fees related to the initial pretrial conference and other fees are denied because the work will be at least indirectly useful in the event the case is refiled. Defendants' requests for fees related to opposing Plaintiff's motion to proceed under pseudonym are denied because that issue is likely to recur in state court.

Sidley Austin's negotiated hourly fees for Quest ranging from $310 per hour for a paralegal, to $504 for a mid-level associate, and $720 for a partner in 2016 are reasonable and within the range of reasonable rates that have been approved in this District. *See e.g. In re Nissan*

5

*Radiator/Transmission Cooler Litig.*, No. 10 Civ. 7493, 2013 WL 4080946, at *17 (S.D.N.Y. May 30, 2013) (awarding partner rates of $785-795 and associate rates of $325-$675).  Marshall, Conway & Bradley, P.C.'s hourly fees for CSNY and Banez, ranging from $135 to $150 per hour, are also reasonable.  The hours expended are also reasonable.  Sidley Austin spent approximately 32 hours opposing Plaintiff's motion for voluntary dismissal and approximately 130 on the motion to dismiss.  Marshall, Conway & Bradley, P.C. spent approximately five hours opposing Plaintiff's motion for voluntary dismissal.

CSNY and Banez are awarded $675 in fees associated with opposing Plaintiff's request for voluntary dismissal and Quest is awarded $32,342.90 in fees associated with opposing the request for voluntary dismissal and bringing the Rule 12(b)(1) motion.

### B.  Redaction Request

Defendant Quest requests permission to redact the hourly rates its counsel charged from its motion for attorneys' fees on the grounds that the rates were discounted and the information is confidential, competitively sensitive, and would harm the competitive interests of Quest's counsel.  The request to redact the hourly rate charged to Quest is denied.

Courts recognize a strong presumption in favor of access to judicial documents.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) ("A finding that a document is a judicial document triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." (internal quotation marks and citation omitted)).  "The 'presumption of access' to judicial records is secured by two independent sources:  the First Amendment and the common law."  *Id.*  (citation omitted).

In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006), the Second Circuit outlined a three-step process for determining whether a document may be sealed:  First, the court must determine whether the documents are "judicial documents," -- i.e, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119 (internal quotation marks omitted).  Second, if the documents are judicial documents, and therefore the common law presumption of access attaches, the court "must determine the weight of that presumption."  *Id.*  The weight is a function of "(1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts." *Bernstein*, 814 F.3d at 142.  Finally, the court must "balance competing considerations against it," such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

Here, the Defendant's billing records submitted in support of its motion for attorneys' fees are judicial records.  These records are the basis for determining the amount of the award of attorney's fees in this case, and the hourly billing rates are critical to the determination that the requested fee is reasonable.  This information accordingly receives heavy presumption of access that outweighs Quest's and its counsel's privacy interest.  Quest's argument that *Skyline Steel, LLC v. Pilepro, LLC*, No. 13 Civ. 8171, 2015 WL 3739276 (S.D.N.Y. June 15, 2015), supports its request for sealing is incorrect.  That decision allowed counsel to redact its *standard* hourly rates because they were "of no relevance to the instant motion," but required disclosure of "the fees . . . actually charged . . . as that relates directly to the issue on which the Court was asked to rule." *Id.* at *7.  Accordingly, Quest may not redact the hourly fees that it actually charged and that are the basis for the award.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss without prejudice pursuant to Rule 41(a)(2) is conditioned upon the payment of certain of Defendants' fees as follows: $32,342.90 to Quest and $675.00 to CSNY and Banez.  Defendants' motions for the payment of fees are accordingly GRANTED in part and DENIED in part.  Following the receipt of confirmation of payment, the Court will dismiss the action without prejudice.  Plaintiff may elect to dismiss the case with prejudice and will not be required to pay any fees.  Defendant Quest's request to redact the discounted hourly rate charged from documents associated with its fees motion is DENIED.  Defendant Quest shall file on ECF by October 7, 2016, the letter previously sent to Chambers dated July 13, 2016, and Quest's memorandum of law in support of its motion for legal fees and accompanying papers.

The Clerk of Court is respectfully requested to close the motions at Docket Nos. 63 and 64.

SO ORDERED.

Dated: October 3, 2016
     New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**