```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JANE DOE,                                                     :
                                                              :
                              Plaintiff,                      :
                                                              :
               v.                                             :
                                                              :
QUEST DIAGNOSTICS, INC., et al.,                              :
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/11/2017

15 Civ. 8992 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiff Jane Doe ("Plaintiff") filed the Complaint on November 16, 2015, against Defendants Quest Diagnostics, Inc. ("Quest" or "Defendant"), Counseling Services of New York, LLC and Dr. Ferdinand B. Banez (together, "Defendants") for negligence, fraud, and deceptive business practices arising from Defendants' alleged improper transmission of medical data. The Court granted Defendant Quest's motion to dismiss on March 24, 2017, and declined to exercise jurisdiction over the remaining state law claims and therefore dismissed the Complaint on April 14, 2017. Quest filed a motion for sanctions under 28 U.S.C. § 1927 based on Plaintiff's counsel's alleged unreasonable and vexatious multiplication of the pleadings. In response, Plaintiff's counsel, Jeffrey Michael Norton of Newman Ferrara LLP, filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. For the reasons below, both motions are denied.

**I.  BACKGROUND**

Familiarity with the facts is assumed and only those facts relevant to the parties' motions follow. On February 12, 2016, Defendant Quest filed a motion to dismiss the Complaint for lack of Article III standing and failure to state a claim. On March 22, 2016, Plaintiff filed her Opposition; but on March 31, 2016, one day before Quest's reply was due, Plaintiff filed a pre-

motion letter seeking voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). On April 19, 2016, a conference was held, at which Mr. Norton, Plaintiff's counsel, explained that he sought voluntary dismissal so that Plaintiff could refile her case against all defendants in state court. The Court suggested that Plaintiff withdraw her previously filed opposition to Quest's motion to dismiss for lack of Article III standing, and Plaintiff agreed to file a letter to that effect.

On April 21, 2016, Mr. Norton filed a letter agreeing to withdraw Plaintiff's opposition to Quest's motion to dismiss, but on the condition -- not discussed at the conference -- that she would not "waiv[e] any rights or conced[e] Quest's arguments as to whether Plaintiff has met her burden for Article III standing." Quest filed a letter on the same day opposing Plaintiff's attempt to avoid both the possible financial consequences of a Rule 41 voluntary dismissal and the possible jurisdictional consequences of a Rule 12(b)(1) court-ordered dismissal based on lack of Article III standing.

On June 29, 2016, the Court issued an Order (the "June 29 Order"), in which it granted Plaintiff's motion to dismiss under Rule 41, denied Quest's motion to dismiss as moot, and set a briefing schedule for Quest's anticipated motion for attorneys' fees and costs. Plaintiff did not move for reconsideration of the June 29 Order before the July 13, 2016, deadline, in accordance with the Local Rules.

On July 13, 2016, Quest filed its motion for attorneys' fees and costs, requesting $76,009.63, and on July 27, 2016, Plaintiff opposed it. Although Mr. Norton asserted in a footnote that "no motion for dismissal without prejudice under Rule 41(a)(2) was ever formally made," he did not request reconsideration of the June 29 Order granting voluntary dismissal, and instead, "respond[ed] to Defendants' arguments as if a formal motion had been filed."

On October 3, 2016, an Order (the "October 3 Order") was issued granting Quest's motion for fees, in part. The Order allowed Plaintiff to choose to voluntarily dismiss without

prejudice under Rule 41(a)(2) and pay Quest $32,342.90 in fees, or to dismiss with prejudice without paying any fees.  On October 6, 2016, Mr. Norton filed a letter seeking reconsideration of the October 3 Order, asserting that Plaintiff had never made a Rule 41(a)(2) motion.

At a conference held on January 5, 2017, the Court stated that Plaintiff's motion for reconsideration of the October 3 Order actually was an untimely motion for reconsideration of the June 29 Order, and denied it.  The Court also rejected Mr. Norton's argument that he never made a Rule 41(a)(2) motion as "disingenuous and unpersuasive."  The Court noted that "it appears that plaintiff was trying to have it both ways" -- "[s]he would take the position that she had sought voluntary dismissal, if it later turned out that it could be accomplished without the payment of attorneys' fees . . . [and] would maintain that she had not sought voluntary dismissal if fees were awarded."  The Court memorialized its findings in an Order dated January 5, 2017, stating that "[h]ad Plaintiff objected to dismissal [under Rule 41], she should have objected [in June], or shortly thereafter"; that Plaintiff's actions had caused the parties to "expend[] considerable time and expense"; and that Plaintiff "cannot have it both ways."

On January 25, 2017, Plaintiff filed a letter stating that she would elect not to pay Quest's fees, and reiterating the same argument that the Court previously rejected as disingenuous -- that she had never made a Rule 41(a)(2) motion.  Quest responded on February 3, 2017.

In an Order dated March 23, 2017 (the "March 23 Order"), the Court vacated the June 29 and October 3 Orders and granted Quest's motion to dismiss based on lack of Article III standing. The Court again noted that "Plaintiff's actions smack of wanting to have it both ways," and that "Plaintiff's posturing to avoid any real decision on the merits has wasted both the parties' and judiciary's resources."

## II. LEGAL STANDARD

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under § 1927 are proper only when the attorney's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 591 (2d Cir. 2016) (quoting *State St. Bank v. Inversiones Errazuriz*, 374 F.3d 158, 180 (2d Cir. 2004)); *accord 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015). The district court also must make "a finding of conduct constituting or akin to bad faith." *Gallomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (quoting *60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 115 (2d Cir. 2000)); *see also Virginia Props., LLC v. T-Mobile Ne. LLC*, --- F.3d ----, 2017 WL 3197539, at *2 (2d Cir. July 28, 2017); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("[W]e hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power."). "Unlike [other] sanctions which focus on particular papers, the inquiry under § 1927 is on a course of conduct." *Estate of Shaw v. Marcus*, No. 14 Civ. 3849, 2017 WL 825317, at *5 (S.D.N.Y. Mar. 1, 2017) (quoting *Bowler v. U.S. I.N.S.*, 901 F. Supp. 597, 605 (S.D.N.Y. 1995)).

Under Federal Rule of Civil Procedure 11, "[s]anctions may be -- but need not be -- imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack of evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (citing Fed. R. Civ. P. 11(b)–(c)); *accord Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, No. 11 Civ. 3979, 2017 WL 1901969, at *6 (S.D.N.Y. May 9, 2017). "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the

statement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (alteration in original); *accord Zagami v. Cellceutix Corp.*, No. 15 Civ. 7194, 2017 WL 1180923, at *9 (S.D.N.Y. Mar. 29, 2017). "[T]he decision whether to impose a sanction for a Rule 11(b) violation is . . . committed to the district court's discretion." *Ipcon Collections LLC*, 698 F.3d at 63 (quoting *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)); *accord Cont'l Cas. Co.*, 2017 WL 1901969, at *6. However, "all doubts must be resolved in favor of the signer of the [challenged] pleading." *Zagami*, 2017 WL 1180923, at *10 (quoting *In re IPO Secs. Litig.*, 399 F. Supp. 2d 369, 371 (S.D.N.Y. 2005)).

## III. DISCUSSION

### A. Quest's Motion for § 1927 Sanctions

Quest moves for costs and fees it incurred between October 6, 2016, and the present, which Quest asserts it would not have incurred but for "Plaintiff's counsel's shifting positions with respect to Plaintiff's request for voluntary dismissal under Rule 41." Although Mr. Norton's conduct unreasonably and unnecessarily prolonged this litigation, it is not sufficiently clear that his conduct was undertaken with an improper purpose or in bad faith. Quest's motion is denied.

As the Court has stated repeatedly, Mr. Norton's course of conduct after the June 29 Order unreasonably multiplied the proceedings in this case. The January 5 Order specifically noted that Plaintiff should have moved for reconsideration of the June 29 Order "then, or shortly thereafter," and that Plaintiff's failure to do so until more than four months later, in October 2016, caused the parties to "expend[] considerable time and expense to brief the motion for attorney's fees." The March 23 Order similarly noted that "Plaintiff's posturing to avoid any real decision on the merits has wasted both the parties' and judiciary's resources."

That Mr. Norton's conduct unreasonably multiplied the proceedings and wasted Defendant's and the Court's time is insufficient to merit sanctions under § 1927. A showing of

5

bad faith is also required, and it is not clear that Mr. Norton's actions constitute bad faith as opposed to badly misguided lawyering. Mr. Norton's opposition to Quest's motion makes clear that his decision to delay any motion for reconsideration of the June 29 Order was a tactical one. When Plaintiff's motion for voluntary dismissal was granted, Mr. Norton, on behalf of his client, had avoided the procedural consequences of a Rule 12(b)(1) dismissal, hoped to defeat Quest's attorneys' fees motion, but apparently had a back-up plan to assert that he had never filed or had withdrawn the Rule 41 motion if he lost on the fees motion. Further, Mr. Norton asserted in a footnote to his Opposition to Quest's fees motion that "no motion for dismissal without prejudice under Rule 41(a)(2) was ever formally made," and then "respond[ed] to Defendants' arguments as if a formal motion had been made." Mr. Norton's adding the footnote appears to have been a misguided effort to "preserve" his right to oppose, if necessary, a Rule 41 voluntary dismissal based on his never having made a formal motion. Mr. Norton's seeking and obtaining the Court's adjudication of his application (but not formal motion) for dismissal, with a plan to disavow it if it turned out to be disadvantageous, is manifestly unreasonable. Whether this conduct rises to the level of bad faith is a close question, but the record is ultimately inconclusive. The Second Circuit recently reversed an award of sanctions where there was "no evidence of deceit" and the evidence was "at best inconclusive" as to whether the plaintiff had acted in bad faith. *Virginia Props., LLC*, 2017 WL 3197539, at *10 (reversing in part an award of sanctions pursuant to inherent authority and § 1927 where bad faith was not evident). Sanctions are therefore denied.

### B. Plaintiff's Motion for Rule 11 Sanctions

Plaintiff, in response to Quest's motion for § 1927 sanctions, filed a motion for sanctions against Quest under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff asserts that Quest "misrepresents the appropriate standards for sanctions under § 1927, blatantly omits controlling

law . . . and lacks any evidentiary and factual support," and therefore, that "Rule 11 sanctions are warranted." Plaintiff's motion lacks any basis in law or the record and is denied.

Plaintiff erroneously asserts that Quest's motion misrepresents the applicable legal standard and ignores binding Second Circuit law. To the contrary, Quest's motion cites multiple recent Second Circuit cases articulating the standard for adjudicating a § 1927 motion for sanctions. Plaintiff's Opposition does not so much as acknowledge these cases, let alone suggest that they are bad law or that Quest's motion mischaracterizes them; instead, Plaintiff merely refers to cases that apply a differently worded version of the § 1927 standard. Plaintiff's assertion that Quest has deliberately "misrepresent[ed] and distort[ed] the law" is unpersuasive. Overall, Plaintiff's characterization of Quest's brief is misleading, and Plaintiff's arguments regarding the standard that applies to Quest's motion improperly "repeats the arguments from his opposition as to why the defendants' motion . . . should be denied." *Lee v. Grand Sichuan E. (N.Y.) Inc.*, No. 12 Civ. 8652, 2014 WL 199512, at *2–3 (S.D.N.Y. January 17, 2014) (relying on *On Time Aviation, Inc. v. Bombardier Capital, Inc.*, 354 F. App'x 448, 451 (2d Cir. 2009) (summary order)) ("[A] firmly held conviction of the correctness of one's position does not authorize collateral attack on an opponent's legal arguments by resort to Rule 11.").

Plaintiff also argues, unpersuasively, that Quest's motion is without any basis in the record. Plaintiff either fails to recognize or deliberately ignores that the basis for Defendant's motion is Plaintiff's conduct *after* the issuance of the June 29 Order, during which time the Court has described Plaintiff's arguments as "disingenuous," "unpersuasive" and "smack[ing] of wanting to have it both ways." The Court also has, on at least two separate occasions, admonished Mr. Norton for causing the parties and the Court to waste considerable time and resources, and for prolonging this litigation. Plaintiff's partial and self-serving recitation of the

facts and evidence is belied by the record after the June 29 Order, which is the basis for Quest's underlying motion.

Because Quest's sanctions motion is not without a factual or legal basis, and Plaintiff's motion for Rule 11 sanctions is duplicative of its Opposition to Quest's motion, Plaintiff's motion is denied.

## IV. CONCLUSION

For the reasons stated, Quest's motion for sanctions under § 1927 is DENIED, and Plaintiff's motion for sanctions under Rule 11 is DENIED. The Clerk of Court is directed to close the motions at Docket Nos. 100 and 105.

Dated: August 11, 2017
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**